# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02781-CMA-CYC

STRIKE 3 HOLDINGS, LLC,

      Plaintiff,

v.

JOHN DOE subscriber assigned IP address
75.71.199.237,

      Defendant.

## MOTION FOR LEAVE TO SERVE A THIRD-PARTY
## SUBPOENA BEFORE A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Strike 3 Holdings, LLC ("Plaintiff") respectfully moves for entry of an order granting it leave to serve a third-party subpoena on Comcast Cable, prior to a Rule 26(f) conference (the "Motion"). Filed contemporaneously with this Motion are the following: (1) Memorandum of Law in support of this Motion; (2) Declaration of Jorge Arco in support of this Motion; (3) Declaration of Patrick Paige in support of this Motion; and, (4) Declaration of Susan B. Stalzer in support of this Motion. A proposed order is attached for the Court's convenience.

/ / /

/ / /

1

Dated: 09/12/2025

Respectfully submitted,

By: */s/ Jessica Fernandez*
    Jessica Fernandez, Esq. (Bar #: 30219)
    Associate In-House Counsel
    General Media Systems, LLC
    11239 Ventura Blvd
    Suite #103 Box 717
    Studio City, CA 91604
    E-mail: Jessica@Strike3Holdings.com
    Phone: 818-253-1453
    Fax: 323-872-0022

    Attorney for Plaintiff, Strike 3 Holdings,
    LLC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA
BEFORE A RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff, Strike 3 Holdings, LLC ("Strike 3") hereby respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Leave to Serve a Third-Party Subpoena Before a Rule 26(f) Conference.

## I.    INTRODUCTION

Strike 3 is the owner of original, award-winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale.  Indeed, its motion pictures are among the most infringed content in the world.  *See* Declaration of Jorge Arco, attached hereto as Exhibit "A."

Strike 3, using its proprietary forensic software, VXN Scan and the Cross Reference Tool, monitored and detected the infringement.  *See id.* at ¶ 47. This software recorded Defendant's IP address illegally distributing Strike 3's motion pictures. *See* Declaration of Patrick Paige, attached hereto as Exhibit "B".  This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 28.  As a result, Plaintiff now seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable Communications, LLC (Comcast Cable), so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service.  Further

impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period.[1]

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on Defendant's ISP. This subpoena will only demand the true name and address of Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

## II.    FACTS

### A.    Online Infringement Poses a Serious Threat to Plaintiff

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *MILFY*, *Slayed*, *Tushy*, *Tushy Raw*, *Vixen*, and *Wifey* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Decl. Arco at ¶ 14. Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.* at ¶ 9.

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 15. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 17–18. Moreover, Strike 3's motion pictures are

---

[1] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

known for having some of the highest production budgets of any in the adult industry.  *Id.* at ¶ 20.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world.  *Id.* at ¶ 21.  Strike 3 is also frequently the number one seller of adult DVDs in the United States.  *Id.* at ¶ 22.  Finally, Strike 3's content is licensed throughout the world, including by most major cable networks.  *Id.* at ¶ 23.  This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography."  *Id.* at ¶ 24.

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3, and Strike 3 "can compete in the industry, but [it] cannot compete when [its] content is stolen."  *Id.* at ¶ 27.  To continue to provide value for members, exciting and inspiring projects for adult performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights.  *Id.* at ¶ 40.

**B.    Plaintiff Brings Its Litigation in Good Faith**

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy.  Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone who is innocent. *Id* at ¶ 34. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 35. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements

unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 36. Additionally, Strike 3 does

not send demand letters. *Id.*

Finally, although certainly Strike 3 does not believe anyone should be embarrassed about

enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the

desire of defendants to keep private their choices regarding the content they choose to enjoy.

Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to

facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in

litigation to maintain the confidentiality of a defendant's identity. Thus, Strike 3 is careful to

only proceed to litigation with strong cases, when it has a good faith basis for doing so, and to

enforce its rights in a way that is mindful of a defendant's privacy interests.

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue

from sales of subscriptions, DVDs and licenses. *Id.* at ¶ 38. Strike 3's goal is to deter piracy (and

seek redress for its harmful consequences) and direct those who infringe content to the avenue of

legitimately acquiring access to Strike 3's works. *Id*

## III.    STANDARD

"The court may, in the exercise of its broad discretion, alter the timing, sequence and

volume of discovery." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418,

419 (D. Colo. 2003).   "In cases involving as-yet-unknown defendants, in which the plaintiff

cannot serve its complaint—much less confer with the defendant—without obtaining identifying

information from a third party, 'the only potential avenue for discovery is [a court order under]

Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation

omitted).

4

In this district, "courts have permitted such expedited discovery upon a showing of good cause."[2] *Malibu Media, LLC v. John Does 1-27*, No. 12-00406 (REB)(KMT), 2012 WL 629111, at *1 (D. Colo. Feb. 27, 2012) (collecting cases). While the Tenth Circuit has not prescribed a precise analysis for what constitutes good cause for early discovery, this Court has previously examined several factors and circumstances in the past, including the risk of relevant information despoiling, the necessity of the information and the lack of alternative means of obtaining that information. *See e.g.*, *Malibu Media*, 2012 WL 629111 at *2. For the following reasons, Plaintiff has such good cause to proceed with early discovery.

## IV.    ANALYSIS

### A.    Early Discovery is Warranted

Early discovery is necessitated by the unique nature of the online and legal landscapes of these infringements.[3] "Primary among these [circumstances] is the indication that an ISP typically retains user activity logs for only a limited time, and then the logs are erased. Without these logs, the true identities of the Defendants may never be known." *Arista Records LLC v. Does 1-9*, No. 07-00628 (EWN)(MEH), 2007 WL 1059049, at *1 (D. Colo. Apr. 4, 2007);

---

[2] As noted by Court of Appeals for the District of Columbia, the Federal Rules were amended in 2015 to remove the "good cause" standard "and replaced it with the overarching relevance and proportionality standard[.]" *Strike 3 Holdings*, 964 F.3d at 1207 n.2. Nevertheless, courts "have continued to look to the good cause factors in analyzing motions for expedited discovery." *See Strike 3 Holdings, LLC v. Doe*, No. 20-5123 (KSM), 2020 WL 6342770, at *1 (E.D. Pa. Oct. 29, 2020). Strike 3 presents the traditional good cause standard here because several of those factors address the relevance and proportionality of Plaintiff's request, and thus discovery is appropriate under either standard.

[3] The technical operations and jargon pertaining to the BitTorrent network have been thoroughly defined and outlined by this Court. *See e.g.*, *Dallas Buyers Club, LLC v. Hudson*, No. 15-00598 (WYD)(MEH), 2016 WL 320918, at *1–2 (D. Colo. Jan. 5, 2016), *report and recommendation adopted*, No. 15-00598 (WYD)(MEH), 2016 WL 309075 (D. Colo. Jan. 26, 2016).

*Qwest*, 213 F.R.D. at 419 ("Expedited discovery may also be appropriate in cases where physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation.") (citation omitted); *accord Interscope Records v. Does*, No. CV 06-00352 (WDM)(PAC), 2006 WL 1351876, at *1 (D. Colo. Mar. 13, 2006). These records are indispensable: "Ascertaining the identities and residences of the Doe defendants is critical to [Strike 3's] ability to pursue litigation[.]" *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 556 (S.D.N.Y. 2004).

This Court has long held that good cause exists in cases such as this "because the '[d]efendants must be identified before this suit can progress further.'" *Malibu Media,* 2012 WL 629111 at *1 (quoting *Arista Records*, 2007 WL 1059049 at *6). "Defendants here have engaged in anonymous online behavior,[4] which will likely remain anonymous unless Plaintiff is able to ascertain their identities. Thus, Plaintiff reasonably believes that there are no practical methods to discover Defendants' identities without court-ordered discovery." *Id.* "Accordingly, *because it appears likely that Plaintiff will be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms*, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed.R.Civ.P. 45, for the limited purpose of discovery the identities of Defendants." *Id.* (emphasis added).

---

[4] "This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs." *Malibu Media, LLC v. Doe*, No. 13-01523 (WYD)(MEH), 2013 WL 451063, at *2 (D. Colo. Aug. 26, 2013) (citing *AF Holdings, LLC v. Does 1–162,* No. 11–23036, 2012 WL 488217, at *4 (S.D. Fla. Feb. 14, 2012); *First Time Videos, LLC v. Does 1–18,* No. 11–69 (SEB)(WGH), 2011 WL 4079177, at *1 (S.D. Ind. Sept. 13, 2011)).

The necessity of the information is reinforced by the limited request in Strike 3's subpoena. *See, e.g., Arista Records*, 2007 WL 1059049 at *1 ("Plaintiffs have proposed narrowly tailored discovery which will ultimately permit them to serve process if possible and move forward with this lawsuit, by use of a Rule 45 subpoena served upon the Defendants' ISP."). Strike 3 requests leave to discover only that which is absolutely necessary. *See Strike 3 Holdings, LLC v. Doe*, No. 18-1945 (JBA), 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019) ("The information sought in this subpoena is relevant because identifying the name and address of the defendant will allow this case to proceed [.]"); *Strike 3 Holdings, LLC v. Doe*, No. 22-6619 (JPC)(JW), 2022 WL 16636600, at *3 (S.D.N.Y. Nov. 2, 2022) ("Plaintiff's subpoena clearly seeks relevant information.") (citation omitted). This limited request, sought for a narrow yet essential purpose – to serve and litigate claims for anonymous copyright infringement – produces the requisite good cause for leave to take early discovery.

## B.    A Protective Order Can Balance Both Parties' Interests

In BitTorrent cases involving adult content, Courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously. *See, e.g., Malibu Media, LLC v. John Does 5-8*, No. CV 12-03170-PAB-MEH, 2013 WL 1164867, at *4 (D. Colo. Mar. 20, 2013). Such an order comports with Strike 3's policy of respecting privacy regarding a person's content choices. Thus, should the Court find such procedures to be appropriate, Strike 3 would not oppose them being established in this action.

## V.    CONCLUSION

For those reasons discussed above, Strike 3 has established that good causes exists here

and thus respectfully request the Court grant Plaintiff leave to serve a third-party subpoena prior

to a Rule 26(f) conference.

Dated: 09/12/2025

> Respectfully submitted,
>
> By: _/s/ Jessica Fernandez_
>     Jessica Fernandez, Esq. (Bar #: 30219)
>     Associate In-House Counsel
>     General Media Systems, LLC
>     11239 Ventura Blvd
>     Suite #103 Box 717
>     Studio City, CA 91604
>     E-mail: Jessica@Strike3Holdings.com
>     Phone: 818-253-1453
>     Fax: 323-872-0022
>
>     Attorney for Plaintiff, Strike 3 Holdings,
>     LLC